**SUMMONS - CIVIL**
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [x] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more:
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | (860) 548-2700 | Septemebr 27, 2016 |

| Judicial District [x] / Housing Session [ ] | G.A. Number: [ ] | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Hartford | Case type code (See list on page 2) Major: M    Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| (860) 296-3457 | |

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.    Yes [ ]   No [x]

Email address for delivery of papers under Section 10-13 (if agreed to)

Number of Plaintiffs: 1    Number of Defendants: 1    [ ] Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: OLIVIERI, TOMAS  Address: 246 TOLLAND STREET, APT. 2-E, EAST HARTFORD, CT 06108 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: ARROW ELECTRONICS, INC. --- 7459 S. LIMA STREET, ENGELWOOD, CO, 80112  Address: AGENT: NATIONAL REGISTERED AGENTS, INC., ONE CORPORATE CENTER, HARTFORD, CT 06103-3220 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | [x] Commissioner of the Superior Court  [ ] Assistant Clerk | Name of Person Signing at Left  Matthew D. Paradisi | Date signed  09/06/2016 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
|  | C 10 | Construction - State and Local |  | T 03 | Defective Premises - Private - Other |
|  | C 20 | Insurance Policy |  | T 11 | Defective Premises - Public - Snow or Ice |
|  | C 30 | Specific Performance |  | T 12 | Defective Premises - Public - Other |
|  | C 40 | Collections |  | T 20 | Products Liability - Other than Vehicular |
|  | C 90 | All other |  | T 28 | Malpractice - Medical |
| Eminent Domain | E 00 | State Highway Condemnation |  | T 29 | Malpractice - Legal |
|  | E 10 | Redevelopment Condemnation |  | T 30 | Malpractice - All other |
|  | E 20 | Other State or Municipal Agencies |  | T 40 | Assault and Battery |
|  | E 30 | Public Utilities & Gas Transmission Companies |  | T 50 | Defamation |
|  | E 90 | All other |  | T 61 | Animals - Dog |
|  |  |  |  | T 69 | Animals - Other |
| Miscellaneous | M 00 | Injunction |  | T 70 | False Arrest |
|  | M 10 | Receivership |  | T 71 | Fire Damage |
|  | M 20 | Mandamus |  | T 90 | All other |
|  | M 30 | Habeas Corpus (extradition, release from Penal Institution) | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
|  | M 40 | Arbitration |  | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
|  | M 50 | Declaratory Judgment |  | V 05 | Motor Vehicles* - Property Damage only |
|  | M 63 | Bar Discipline |  | V 06 | Motor Vehicle* - Products Liability Including Warranty |
|  | M 66 | Department of Labor Unemployment Compensation Enforcement |  | V 09 | Motor Vehicle* - All other |
|  |  |  |  | V 10 | Boats |
|  | M 68 | Bar Discipline - Inactive Status |  | V 20 | Airplanes |
|  | M 70 | Municipal Ordinance and Regulation Enforcement |  | V 30 | Railroads |
|  | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |  | V 40 | Snowmobiles |
|  |  |  |  | V 90 | All other |
|  | M 83 | Small Claims Transfer to Regular Docket |  |  | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
|  | M 84 | Foreign Protective Order |  |  |  |
|  | M 90 | All other |  |  |  |
| Property | P 00 | Foreclosure |  |  |  |
|  | P 10 | Partition | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
|  | P 20 | Quiet Title/Discharge of Mortgage or Lien |  | W 90 | All other |
|  | P 30 | Asset Forfeiture |  |  |  |
|  | P 90 | All other |  |  |  |

JD-CV-1 Rev. 10-15 (Back/Page 2)

| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 27, 2016 | : | SUPERIOR COURT |
| TOMAS OLIVIERI | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| ARROW ELECTRONICS, INC. | : | SEPTEMBER 6, 2016 |

## COMPLAINT

**COUNT ONE:**     **RETALIATION IN VIOLATION OF CONN. GEN. STAT. §46A-60(A)(4)**

1. The Plaintiff in this matter, Tomas Olivieri ("Plaintiff"), was at all times set forth hereins, and remains, a resident of the Town of East Hartford, in the State of Connecticut. I am a Hispanic male.

2. The Defendant in this matter is Arrow Electronics, Inc. ("Defendant" or "Defendant Company"), a foreign corporation licensed and transacting business in the State of Connecticut, with a business address of 620 Pigeon Hill Road, Windsor, CT, 06095.

3. Defendant employs in excess of 18,000 employees, and distributes products and services to industrial and commercial users of electronic components.

4. Plaintiff commenced his employment with Defendant Company in or about July of 2014, as an EAD Technician at its 620 Pigeon Hill Road address in Windsor, Connecticut.

5. Throughout the duration of his employment with Defendant Company, Plaintiff was a good an dependable employee, evidenced by positive oral feedback, a lack of discipline, and positive performance reviews.

6. Defendant Company discriminated against Plaintiff on account of the fact that he is Hispanic, retaliated against him for his complaints of inappropriate sexual

1

insults lodged against him by a co-worker which he perceived to be sexual harassment, and ultimately wrongfully terminated Plaintiff's employment.

7. On or about November 20, 2015, during a break period, Plaintiff was approached by a male co-worker, Roy Osbourne, with whom Plaintiff was not familiar, as Plaintiff did not work directly with him in the course of his regular work with Defendant. Osbourne is an African American male.

8. The co-worker, Osbourne, upon approaching Plaintiff, and stated to Plaintiff, "I heard that you give blowjobs to the whole department." At the time, the comment made Plaintiff extremely uncomfortable, embarrassed, and confused. In Response, Plaintiff then inquired of Osbourne, "Are you really asking me that?"

9. Osbourne's response was, "Yes, I am."

10. The entire exchange above was witnessed by another co-worker, who was seated near Osbourne when the comments were made.

11. Plaintiff then stated to Osbourne that Plaintiff was going to report this conversation to Human Resources, and Plaintiff further stated that he wondered if Osbourne would repeat the comment while we speak to a representative from Defendant's Human resource Department.

12. Plaintiff then proceeded directly to Defendant's Human Resources office, where he complained to Defendant's HR representative, Dionne Hector-Dale, an African American female, regarding the above exchange, and indicated that he wished to file a formal complaint. Plaintiff further requested that he not be forced to work with Osbourne going forward. Osbourne accompanied Plaintiff to the HR office, and was present when Plaintiff complained.

2

13. Following Plaintiff giving his account of the conversation, Osbourne proceeded to deny that he had said, "I heard that you give blowjobs to the entire department." Instead, Osbourne stated to Ms. Hector-Dale that, in the conversation between himself and Plaintiff, he had said, "I heard girls around the job give blow jobs."

14. Following Osbourne's false account of the conversation between himself and Plaintiff, Plaintiff informed the Ms. Hector-Dale that Osbourne was lying, and that there had been a witness to the earlier conversation, David Gonzalez.

15. Ms. Hector-Dale then proceeded to call Mr. Gonzalez into the office, where he informed the HR representative that, "Yes, Osbourne called Tomas over and was talking about blowjobs" and was using disrespectful and inappropriate language in the workplace.

16. Hector-Dale then conveyed to Osbourne that such language was not to be used in the workplace.

17. Osbourne immediately became visibly angered, and proceeded to threaten Plaintiff, stating to the Hector-Dale in the presence of the Plaintiff and Gonzalez, "What if I get up and pop Tomas right now?"

18. Following Osbourne's threat of physical violence, neither Ms. Hector-Dale, nor Gonzalez said anything. In response to being threatened, Plaintiff calmly stated to Osbourne that he should refrain from threatening people.

19. Osbourne, in response to Plaintiff's comment, threatened to "knock the taste out of [Plaintiff's] mouth", in the presence of Ms. Hector-Dale.

20. Following this exchange, the Ms. Hector-Dale asked Plaintiff to leave the room. Plaintiff was then asked by my supervisor, Bart Druch, a Caucasian male, to

3

return to work. Mr. Druch informed Plaintiff that an investigation into my complaint will be conducted.

21. Plaintiff continued his work for the remainder of his shift, and at approximately 3:30pm, Plaintiff returned to the HR office in order to inquire about the status of the investigation.

22. When Plaintiff inquired as to the status, the Ms. Hector-Dale informed Plaintiff that his statement to Osbourne that he should refrain from making threats could itself be taken as a threat of violence, and that Plaintiff might be suspended. Plaintiff adamantly denied that what he had conveyed was a threat..

23. Ms. Hector-Dale then proceeded to call Defendant Company's legal department, where she conveyed over the phone only that Plaintiff had made a comment that could be perceived as a threat of violence, and said precisely nothing about the fact that Plaintiff had been in the office in order to report inappropriate sexual commentary, and also failed to mention that Osbourne had actually threatened to assault Plaintiff.

24. During the course of her phone call, Plaintiff attempted to interrupt Ms. Hector-Dale in order to clarify the account she was giving to the legal department, but he was wholly ignored.

25. Following this exchange, Plaintiff requested a copy of the report Ms. Hector-Dale had drafted of the incident, which she noted to be a "rough draft." The report was handwritten, and illegible. Plaintiff then requested a typed copy of her report..

26. Ms. Hector-Dale's account of that day's events stated nothing about Osbourne's comments, or the fact that Plaintiff was complaining about Osbourne's

4

inappropriate sexual comments, or the fact that he had threatened Plaintiff. Plaintiff conveyed this to Ms. Hector-Dale following his review of Ms. Hector-Dale's report.

27. In response, Ms. Hector-Dale stated to Plaintiff that the report she had drafted was the only report she had, and that she would be completing another report over the coming weekend.

28. Plaintiff then requested to speak to the legal department himself, in order to correct what he perceived to be an incorrect account that had been relayed by Ms. Hector-Dale. This request was denied, and Plaintiff was instructed that on the following Monday, he would be asked to write a statement, and that Defendant Company would then determine whether or not to suspend Plaintiff pending its investigation.

29. In response, Plaintiff conveyed that he should be suspended for reporting Osbourne's sexually inappropriate comments and insults, and further conveyed that, if anyone should be suspended, it should be Osbourne, as he had made the comments and then later physically threatened to assault Plaintiff. Hector Dale ignored Plaintiff's protests, stated she was leaving for the day, and left the workplace, instructing Plaintiff to come to work on the following Monday.

30. Thereafter, Plaintiff arrived for work on-time, as usual, the following Monday, on November 23, 2015. Upon arrival, Plaintiff spoke with his supervisor, Mr. Druch, and inquired as to whether he had any new information with respect to the situation that had unfolded on the Friday before. Mr. Druch conveyed that there had not been any new developments, and that Plaintiff was able to work.

31. Plaintiff then asked Mr. Druch what time Mr. Hector-Dale would be coming in, because she had previously conveyed that Plaintiff would be able to provide a written

5

statement as part of the investigation. Mr. Druch conveyed that she would be arriving around 8:30am.

32. At approximately 9:30am, when the employees are usually on their morning break, the Ms. Hector-Dale approached Plaintiff and informed him that he was being suspended. Plaintiff was also told that they needed to "walk [him] out." Plaintiff was then escorted off the premises in front of his co-workers who were on break at the time, which was embarrassing and humiliating for Plaintiff.

33. As Plaintiff was being escorted out of the workplace by Defendant Manager, Joshua Constable, Plaintiff stated that what was happening was wrong, that he was being retaliated against for complaining to Defendant about the inappropriate sexual comments made by its employee, and for filing a complaint. Plaintiff also conveyed that he did not even have a chance to provide Defendant with my written statement, despite the fact that he was reassured the preceding Friday that he would have an opportunity to do so.

34. Plaintiff then asked Mr. Constable for documentation stating that he was suspended, along with Defendant's reason for suspending Plaitniff. Mr. Constable responded by stating, "No, I am telling you myself that you're suspended." Constable also conveyed that Plaintiff would be contacted with the outcome of Defendant's investigation.

35. Later that same day, at approximately 4:00pm, Plaintiff received a phone call from Mr. Constable, who informed Plaintiff that Defendant Company was terminating his employment. When Plaintiff asked why he was being terminated, Constable conveyed that this was Defendant's decision after the investigation.

36. Plaintiff then inquired as to what Defendant had decided to do with respect to Osbourne, and also requested that Defendant provide him with documentation setting out the reasons why he had been terminated, and asked for a pink slip. Constable refused to provide any documentation, and instead instructed Plaintiff to contact Defendant's HR department with any questions.

37. Defendant retaliated against, and ultimately terminated Plaintiff on account of the fact that he opposed discriminatory conduct, and complained of what he perceived to be sexual harassment.

38. Defendant's purported reasons for terminating Plaintiff were a pretext for retaliating against him.

39. The foregoing conduct of Defendant Company constitutes a violation of, Conn. Gen. Stat §46a-60(a)(4) Conn. Gen. Stat §46a-60(a)(8).

40. Plaintiff filed a timely complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and received a Release of Jurisdiction Letter on or about August 17, 2016, a copy of which is attached hereto as **EXHIBIT A**.

41. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has suffered lost wages, has sustained emotional distress, has been deprived of gainful employment, and has sustained other consequential losses and damages.

**COUNT TWO:**     **DISCRIMINATION AND WRONGFUL TERMINATION IN VIOLATION OF CONN. GEN. STAT. §46A-60(A)(1)**

1. Paragraphs 1 through 38 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 38 of this Count Two as if fully set out herein.

39. Upon information and belief, Defendant has recently terminated other Hispanic employees and replaced them with African American employees.

40. Furthermore, Plaintiff has witnessed Defendant Managers make derogatory remarks about its Hispanic employees in the recent past, including disparaging remarks about the way Hispanics look and the way Hispanics dress.

41. Defendant discriminated against Plaintiff and ultimately terminated his employment on account of the fact that he is Hispanic.

42. The foregoing unlawful conduct of Defendant, as aforesaid, constitutes a violation of Conn. Gen. Stat. §46a-60(a)(1).

43. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has suffered lost wages, has sustained emotional distress, has been deprived of gainful employment, and has sustained other consequential losses and damages.

PLAINTIFF,
TOMAS OLIVIERI

By: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 27, 2016 | : | SUPERIOR COURT |
| TOMAS OLIVIERI | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| ARROW ELECTRONICS, INC. | : | SEPTEMBER 6, 2016 |

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. Money damages;
2. reinstatement or front pay;
3. lost wages;
4. attorneys' fees and costs; and
5. other relief the Court deems just and proper.

                                 PLAINTIFF,
                                 TOMAS OLIVIERI

By: _____
Matthew D. Paradisi
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: mparadisi@cicchielloesq.com

9

| | | |
|---|---|---|
| RETURN DATE: SEPTEMBER 27, 2016 | : | SUPERIOR COURT |
| TOMAS OLIVIERI | : | J.D. OF HARTFORD |
| VS. | : | AT HARTFORD |
| ARROW ELECTRONICS, INC. | : | SEPTEMBER 6, 2016 |

## STATEMENT OF AMOUTN IN DEMAND

The Plaintiff states the amount in demand is in excess of $15,000.00, exclusive of interest and costs.

                                        PLAINTIFF,
                                        TOMAS OLIVIERI

                                        By: _____
                                        Matthew D. Paradisi
                                        Cicchiello & Cicchiello, LLP
                                        364 Franklin Avenue
                                        Hartford, CT 06114
                                        Tel: (860) 296-3457
                                        Fax: (860) 296-0676
                                        Juris No.: 419987
                                        Email: mparadisi@cicchielloesq.com

# EXHIBIT A

## STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Tomas Olivieri
**COMPLAINANT**

CHRO No. 1610451

vs.

EEOC No. 16A-2016-00833

Arrow Electronics, Inc.
**RESPONDENT**

### RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

DATE: August 17, 2016

Tanya A. Hughes, Executive Director

cc: Matthew D. Paradisi, Esq., via email: mparadisi@cicchielloesq.com
    Courtney Scantlin, Corporate Counsel, via email: cscantlin@arrow.com
    Tomas Olivieri, 246 Tolland Street, Apt. 2-E, East Hartford, CT 06108

STATE OF CONNECTICUT:
:  SS. HARTFORD     SEPTEMBER 7, 2016
COUNTY OF HARTFORD  :

THEN and by virtue hereof and by direction of the Plaintiff's Attorney, I left a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, with and in the hands of GARY SCAPPINI, MANAGER OF NATIONAL REGISTERED AGENTS, ONE CORPORATE CENTER, AGENT FOR SERVICE for the within named defendant **ARROW ELECTRONICS, INC.,** in the said town of HARTFORD, County of Hartford.

And also, on the 7TH day of AUGUST, 2016, I deposited in the Post Office at EAST HARTFORD, first class mail, a verified true and attested copy of original WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, on behalf of the within named defendant **ARROW ELECTRONICS, INC.,** addressed to:

> COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES
> ATTN: LYDIA RODRIGUEZ, PARALEGAL
> 25 SIGOURNEY STREET
> HARTFORD, CT 06106

THE WITHIN IS THE ORIGINAL WRIT, SUMMONS, COMPLAINT, PRAYER FOR RELIEF, STATEMENT OF AMOUNT IN DEMAND AND EXHIBIT A RELEASE OF JURISDICTION, WITH MY DOINGS HEREON ENDORSED.

FEES:

| | | |
|---|---|---|
| SERVICE | $ 40.00 | ATTEST |
| TRAVEL | $ 15.00 | KEITH NIZIANKIEWICZ |
| ENDORSEMENTS | $  3.20 | STATE MARSHAL |
| PAGES | $ 28.00 | HARTFORD COUNTY |
| | | |
| TOTAL | $ 86.20 | |

**KEITH D. NIZIANKIEWICZ**
*CONNECTICUT STATE MARSHAL*
P.O. BOX 280054 • EAST HARTFORD, CONNECTICUT 06128-0054 • OFFICE: (860) 610-0295