# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOMAS OLIVIERI,<br>    *Plaintiff*,<br><br>v.<br><br>ARROW ELECTRONICS, INC.,<br>    *Defendant*. | No. 3:16-cv-01676 (JAM) |

### ORDER DENYING MOTION FOR EXTENSION OF TIME

The issue presented is whether counsel are required to comply with the Court's scheduling rules. I conclude that counsel are required to follow the Court's rules and that counsel's willful failure to do so warrants the denial of an untimely motion for extension of time.

### BACKGROUND

This is an employment discrimination case. On September 14, 2017, defendant moved for summary judgment. Doc. #29. An objection or response was due on October 5, 2017. That day came and went without plaintiff's filing of any objection or response.

One week later, on October 12, 2017, plaintiff filed a motion for extension of time *nunc pro tunc* until October 27, 2017, to file a response. The motion did not explain why a timely response had not previously been filed. Nor did it describe except in the most boilerplate terms why an extension of time was needed ("additional time is necessary in order to adequately prepare a response to the numerous arguments set forth in Defendant's motion"). Moreover, it vouched that "counsel does not anticipate the need for further extension, beyond that sought herein." Doc. #32.

On October 17, 2017, the Court denied the motion without prejudice for failure to indicate whether opposing counsel had been consulted and consented to the motion. Doc. #33

1

(citing D. Conn. L. Civ. R. 7(b)(2)). Rather than promptly filing a renewed motion to comply with the Court's order, plaintiff's counsel delayed until October 30, 2017—three days after the date that counsel had previously requested to file a response—in order to file yet another motion for extension of time, now until November 3, 2017. Doc. #34. As with the prior motion, plaintiff stated no reason why he had failed to comply with the prior deadlines and conclusorily claimed that "additional time is necessary in order to adequately prepare a response to the numerous arguments set forth in Defendant's motion." Doc. #34.

## DISCUSSION

A motion for extension of time requires a showing of "good cause," which means "a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension." D. Conn. L. Civ. R. 7(b)(1). Moreover, a motion for extension of time must be filed *before* a filing is due rather *after* the filing is due. *See* D. Conn. L. Civ. R. 7(b)(3). If the rule were otherwise, then counsel would be at liberty to unilaterally grant themselves motions for extension of time simply by filing their motions at their convenience only after the filing was due.

The facts before me reflect a willful failure by plaintiff's counsel to comply with the Court's scheduling rules. Counsel let the filing date for his response slide by and then filed a cursory motion for extension of time that made no effort to show good cause. Even after this motion was denied, counsel let nearly two more weeks go by before filing a renewed motion for extension of time. This renewed and manifestly untimely motion sought yet an additional extension of time seeking even more time than had previously been requested with the first untimely motion for extension of time.

The Court understands that attorney schedules are busy, and the Court grants the vast majority of motions for extensions of time, especially where health or other emergency reasons intervene. As I have previously noted, "if counsel can show that, despite having diligently taken appropriate advance planning measures, there are unavoidable and unforeseen reasons that prevent counsel from meeting a scheduling deadline, then the Court will not hesitate to grant an extension of time." *McDaniel v. Town of Enfield*, 227 F. Supp. 3d 195, 197 (D. Conn. 2016). But "if counsel files a motion that does little or nothing to show that counsel planned and took reasonable measures to comply with the deadline, then the motion for extension of time will not ordinarily be granted." *Ibid.*

The requirements set forth in the Court's rules "are not mere guidelines or suggestions," and court-ordered filing dates "are not subject to unilateral postponement by counsel as convenience might beckon or as absence of foresight and planning might seem at the last moment to make necessary." *Ibid.* But that is what has happened here. Having invoked the Court's jurisdiction to request a grant of relief, it is not too much to ask that plaintiff's counsel engage in a good faith effort to comply with the Court's rules.

## Conclusion

The motion for extension of time is DENIED with prejudice on the ground of the willful failure by plaintiff's counsel to comply with the Court's rules. Because the Court is concerned that plaintiff may not be aware of his counsel's willful failure to comply with the Court's rules, plaintiff's counsel shall file a certification by November 6, 2017, that he has sent a copy of this ruling to his client. The Court will otherwise consider defendant's motion for summary judgment on the papers filed to date and determine on the basis of defendant's submissions alone if

defendant has established the absence of a genuine issue of fact for trial. *See Jackson v. Federal Express*, 766 F.3d 189, 197 (2d Cir. 2014).

It is so ordered.

Dated at New Haven this 31st day of October 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge